**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO.:  18-cr-20685-KMW-4**

```
UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )         September 12, 2018
v.                             )
                               )
ABRAHAM EDGARDO ORTEGA,        )         Pages 1 - 8
                               )
          Defendant.           )
_____/
```

INITIAL APPEARANCE AND ARRAIGNMENT PROCEEDINGS

BEFORE THE HONORABLE CHRIS M. MCALILEY
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

On behalf of the Plaintiff:

                        UNITED STATES ATTORNEY'S OFFICE
                        Southern District of Florida
                        99 N.E. 4th Street
                        Miami, FL 33132
                        BY:  MICHAEL NADLER, AUSA

```
 1   APPEARANCES CONTINUED:

 2
     On behalf of the Defendant:
 3
                         THE LS LAW FIRM
 4                       Four Seasons Tower
                         1441 Brickell Avenue
 5                       Suite 1200,
                         Miami, FL 33131
 6                       BY:  LILLY ANN SANCHEZ, ESQ.

 7

 8
 9   Transcribed By:

10                       BONNIE JOY LEWIS, R.P.R.
                         7001 SW 13 Street
11                       Pembroke Pines, FL  33023
                         954-985-8875
12                       caselawrptg@gmail.com

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1           (Thereupon, the following proceedings were held:)

2           THE COURT:  Abraham Edgardo Ortega; Case Number

3    18-20685.

4           MR. NADLER:  Good afternoon, Your Honor.

5           Michael Nadler on behalf of the United States.

6           THE COURT:  Okay.

7           MS. SANCHEZ:  Good afternoon, Your Honor.

8           Lilly Ann Sanchez on behalf of Mr. Ortega, who is

9    present before the Court.

10          THE COURT:  Okay.  Mr. Ortega, did you understand the

11   legal rights I explained?

12          THE DEFENDANT:  Yes, I understand them.

13          THE COURT:  Okay.  There is an indictment that has

14   been filed against you.  Have you had a chance to see it, sir?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Okay.  So then you are familiar with the

17   charges?

18          THE DEFENDANT:  Yes, I do.

19          THE COURT:  Okay.  All right.  And Miss Sanchez, did

20   you enter a permanent appearance?

21          MS. SANCHEZ:  I did, Your Honor.

22          THE COURT:  Okay.  Very good.  What about Mr. Ortega's

23   release?

24          MR. NADLER:  The parties have stipulated to a bond,

25   Your Honor.

1        THE COURT:  Okay.

2        MR. NADLER:  It as a million dollar personal surety

3   bond co-signed by the Defendant's brother and collateralized by

4   his house in Palm Beach Gardens.

5        The address being -- it is also identified in the

6   Presentence Report.

7        THE COURT:  Okay.

8        MR. NADLER:  Sienna Circle.

9        THE COURT:  Not on the first page.  Where?

10       MR. NADLER:  It's on the bottom of Page 4.

11       10169 --

12       THE COURT:  Hold on one second.  Oh, got it.

13       MR. NADLER:  Sienna Oaks Circle East, Palm Beach

14   Gardens, Florida.

15       THE COURT:  Nancy, that's S-I-E-N-N-A; Sienna Oaks

16   Circle East.  Okay.

17       MR. NADLER:  Mr. Ortega's brother is in the courtroom.

18   He has agreed not to encumber that property.  The parties have

19   also stipulated --

20       THE COURT:  Oh, does the brother own that property?

21       MR. NADLER:  The brother owns that property.

22       THE COURT:  I see.

23       MR. NADLER:  His name is also Abraham Ortega.

24       THE COURT:  Okay.

25       MR. NADLER:  A slightly different middle name.

5

1          THE COURT:  Okay.

2          MR. NADLER:  The parties have also stipulated to home

3     confinement and electronic monitoring paid for by the

4     Defendant.

5          THE COURT:  Hold on.

6          Okay.  Those are the terms that have been agreed to?

7          MS. SANCHEZ:  Yes, Your Honor.

8          THE COURT:  Okay.  So, Mr. Ortega, you can be released

9     upon completing the paperwork for a one million dollar personal

10    surety bond co-signed by your brother also named Abraham

11    Ortega.

12         The special conditions are as follows:  If you have

13    any travel documents you must give them to your pretrial

14    services officer.  You will report to that officer as directed.

15         You must reside -- so he is going to reside at his

16    brother's home?

17         MS. SANCHEZ:  Yes, Your Honor.

18         THE COURT:  Okay.  Your brother's home at 10169 Sienna

19    Oaks Circle East in Palm Beach Gardens, Florida.

20         You will be subject to electronic monitoring, the cost

21    to be paid by you, and home confinement.  You can leave your

22    brother's home to meet with your lawyer, to attend court

23    appearances, and to receive necessary medical care, and any

24    other reasons that are preauthorized by Pretrial Services.

25    That's up to them without might not approve.

1          You may not possess a firearm or dangerous weapon.

2    That includes having any weapons in that home.

3          The Pretrial Services had suggested a GPS location

4    monitoring.  Now that you have heard the stipulations of the

5    parties is that still something that you recommend?

6          MR. NADLER:  The parties would stipulate to that as

7    well the GPS.

8          THE COURT:  Okay.  Then we will get specific about

9    that.

10          Okay.  Were there any other special conditions that

11    are sought?

12          MS. SANCHEZ:  Your Honor, I went through the special

13    conditions with the Government.  And they are checked off here

14    and I think the other ones here is not to visit any commercial

15    transportation establishments which I believe is --

16          THE COURT:  Okay.  I will order that.

17          MS. SANCHEZ:  And he also will be having perhaps if

18    there are any meetings that we have with the Government that

19    that should be included as well and not just attorney meetings.

20          THE COURT:  Well, presumably you would be there when

21    he does that, right?  So it falls under meetings with his

22    attorney.

23          MS. SANCHEZ:  Mr. Nadler mentioned that to me.

24          THE COURT:  Right.

25          MS. SANCHEZ:  I think that --

1        MR. NADLER:  I think there is one other and that is no

2   communication with any of the co-Defendants.

3        THE COURT:  Okay.  So, you can't communicate with your

4   co-Defendants except with your attorney.

5        MR. NADLER:  That is all.  I think that's the extent

6   of the terms, Your Honor.

7        THE COURT:  Okay.  We could also go ahead with

8   arraignment.

9        MS. SANCHEZ:  Yes, we are prepared to arraign him,

10  Your Honor.  Absolutely.

11       THE COURT:  Okay.  Go ahead.

12       MS. SANCHEZ:  We waive formal reading of the

13  indictment.  We plead not guilty to the charges.  We request a

14  standing discovery order be entered by the Court and a jury

15  trial.

16       THE COURT:  All right.  So I will note your not guilty

17  plea and issue that standing discovery order and so you also

18  have been arraigned.

19       MS. SANCHEZ:  And his brother is here if you want to

20  take care of him that he understands that he cannot encumber

21  the house or anything.

22       THE COURT:  Sure.  Okay.

23       MS. SANCHEZ:  Just so we make sure that we take care

24  of that and we don't have to file -- and he speaks English.  So

25  no translator is necessary.

8

1          THE COURT:  Okay.  Tell me your name, sir?

2          MR. ORTEGA:  Abraham Ortega.

3          THE COURT:  Okay.  So, Mr. Ortega, for your brother to

4    be released you have to choose to sign on this bond.  You and

5    your brother are signing a contract with the Government for a

6    million dollars.

7          So long as your brother meets all of the conditions of

8    the bond, when the case is over, you and he will be released

9    from any further obligation on that bond.

10         If, however, your bother were not to follow any of the

11   terms of the bond, then both you and he will be fully

12   responsible for the amount of the bond.

13         A Government lawyer presumably would file a judgment

14   against both of you and they would have at least 20 years to

15   try to collect on that bond.

16         So that is obviously a serious financial obligation

17   you assume when you sign on a bond.

18         Do you understand what I have just said, sir?

19         MR. ORTEGA:  I do.

20         THE COURT:  I also see that you own this home in Palm

21   Beach Gardens.  And under the terms of the bond, you are

22   agreeing to not in any way pledge, encumber, mortgage, rent,

23   lease, sell, et cetera, your home while the bond is pending.

24         Do you understand that?

25         MR. ORTEGA:  I do.

9

```
1            THE COURT:  And you are okay with your brother living

2   there under home confinement while this case is pending?

3            MR. ORTEGA:  I am okay with that.

4            THE COURT:  Okay.  Any questions for me, sir?

5            MR. ORTEGA:  No, I do not have any questions.

6            THE COURT:  All right.  Thank you for being here.

7            MR. ORTEGA:  Thank you, Your Honor.

8            THE COURT:  Okay.

9            MR. NADLER:  Thank you, Your Honor.

10           (Thereupon, the proceedings concluded.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

2                         CERTIFICATE

3

4       I hereby certify that the foregoing transcript is an

5  accurate transcript of the audio recorded proceedings in the

6  above-entitled matter.

7

8

9

10
   09/14/18                     Bonnie Joy Lewis,
11                      Registered Professional Reporter
                            CASE LAW REPORTING, INC.
12                         7001 Southwest 13 Street,
                         Pembroke Pines, Florida 33023
13                            954-985-8875

14

15

16

17

18

19

20

21

22

23

24

25