**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-CR-20685-WILLIAMS

**UNITED STATES OF AMERICA**

vs.

**ABRAHAM EDGARDO ORTEGA,**

     **Defendant.**
_____/

**GOVERNMENT'S RESPONSE TO THE "BOLIVARIAN REPUBLIC OF
VENEZUELA'S MOTION FOR VICTIM STATUS AND RESTITUTION**

     The United States, through undersigned counsel, hereby responds to third-party claimant "Bolivarian Republic of Venezuela's" Motion for Victim Status and Restitution pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, and the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A.  For the reasons identified herein, the motion should be denied.

     The authority to recognize a foreign sovereign is exclusive to the Executive Branch.  Here, the President of the United States has recognized the Venezuelan National Assembly and Interim President Juan Guaido as the legitimate government and leader of the Bolivarian Republic of Venezuela ("Venezuela").  In this matter, the third-party claimant purporting to represent Venezuela, Reinaldo Muñoz Pedroza ("Muñoz Pedroza"), is an appointee or representative of former President Nicolas Maduro Moros ("Maduro") and was specifically and publicly denounced by the National Assembly as having no legal authority to act on behalf of Venezuela.  Since that time, at least two other courts in unrelated civil actions have rejected Muñoz Pedroza's attempts to intervene in litigation based on lack of standing.  *See Rusoro Mining Ltd., Gold Field Ltd. v.*

1

*Bolivarian Republic of Venezuela*, No. 18-7044 (D.C. Cir. May 1, 2019); *Casa Express Corp. v. Bolivarian Republic of Venezuela*, 1:18cv11940 (S.D.N.Y. March 22, 2019). As such, Muñoz Pedroza's motion should be denied because the United States does not recognize his authority to represent the legitimate and recognized government of Venezuela.

## STANDARD OF REVIEW

"[W]hether petitioners [under the CVRA] are victims of the criminal conduct as described in the [charging document] . . . is a mixed question of law and fact." *In re Stewart*, 552 F.3d 1285, 1288 (11th Cir. 2008) (per curiam). "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." 18 U.S.C. § 3664(e).

The enforcement provision of the MVRA "allocates the various burdens of proof among the parties who are best able to satisfy those burdens and who have the strongest incentive to litigate the particular issues involved." *See United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998). Although "[i]t might appear to the casual observer that § 3664(e) places the burden of proof on the government on all issues relating to loss to the victim . . . the burden section of the statute only requires the government to establish 'the amount of loss sustained by [the] victim.'" *Id.* (quoting *United States v. Razo-Leora,* 961 F.2d 1140, 1146 (5th Cir. 1992)). In fact, the statute explicitly provides that "[t]he burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires." 18 U.S.C. § 3664(e). Accordingly, the government submits that, as the movant here, third-party claimant Muñoz Pedroza should bear the burden of proof as to demonstrating entitlement to victim status under the CVRA and MVRA.

## FACTUAL BACKGROUND

On January 23, 2019, President Trump issued a statement acknowledging that the National Assembly, "[i]n its role as the only legitimate branch of government duly elected by the Venezuelan people . . . invoked the country's constitution to declare Nicolas Maduro illegitimate, and the office of the presidency therefore vacant" and "officially recogniz[ed] the President of the Venezuelan National Assembly, Juan Guaido, as the Interim President of Venezuela."[1]

The government was first contacted by Messrs. Tunkey and Nascimento, counsel for the third-party claimant in this matter, in or about February 2019 requesting a meeting regarding the third-party claimant's intent to file a motion for victim status and restitution in this matter. The government subsequently met with counsel for third-party claimant on March 14, 2019, at the United States Attorney's Office for the Southern District of Florida. At this meeting, counsel for the third-party claimant informed the government that they had been retained through Dentons law firm to bring this instant motion on behalf of Muñoz Pedroza, who they identified as the "Attorney General" of Venezuela and an appointee or representative of the Maduro regime.

Five days later, on March 19, 2019, Venezuela's National Assembly resolved that (1) Muñoz Pedroza "may not be deemed the legitimate Attorney General of the Republic," and "all actions and contracts adopted or signed by him, invoking his status as Attorney General of the Republic, must be considered null and void;" (2) the "Special Prosecutor" (identified as Jose Ignacio Hernandez) possesses exclusive authority to represent Venezuela in foreign courts; and (3) "foreign courts, international arbitration tribunals, and any other foreign state authority not . .

---

[1] The White House, Statement from President Donald J. Trump Recognizing Venezuelan National Assembly President Juan Guaida as the Interim President of Venezuela (Jan. 23, 2019), available at https://www.whitehouse.gov/briefings-statements/statement-president- donald-j-trump-recognizing-venezuelan-national-assembly-president-juan-guaido-interim-president-venezuela/.

3

. accept the representation of the Venezuelan State exercised by citizen Reinaldo Muñoz Pedroza or by any of the attorneys appointed by him." *See* Exhibit A. This resolution was announced in a press release by the National Assembly the same day. *See* Exhibit B.

On April 2, 2019, fourteen days after the National Assembly passed the aforementioned resolution, counsel for the third-party claimant (*i.e.*, Mr. Muñoz Pedroza) filed the instant motion.

## ARGUMENT

Third-party claimant Muñoz Pedroza and his counsel in this matter have no authority to represent the legitimate and recognized government of Venezuela. In the instant motion, counsel for third-party claimant offer no proof that they are authorized to act on behalf of the legitimately recognized government of Venezuela. Instead, they urge this Court to accept their representations at face value. While counsel purports to be retained by the government of Venezuela, it is not disputed that this action has been filed on behalf of Muñoz Pedroza, as an appointee or representative of Maduro. That individual, however, has been denounced and accordingly has no authority to act or enter into contracts on behalf of the legitimately recognized Bolivarian Republic of Venezuela.

As discussed above, the Venezuelan National Assembly passed a resolution deeming all actions and contracts executed by Muñoz Pedroza, invoking his status as Attorney General of the Republic, null and void. This resolution was passed and published fourteen days prior to the filing of the instant motion, yet counsel for third-party claimant offer no explanation or proof of their client's authority to represent the government of Venezuela.

The Court should decline third-party claimant's invitation to recognize him, and by extension Maduro, as the legitimate representative of the government of Venezuela. It is well settled that the decision to recognize a foreign power is a political question reserved for the

4

President of the United States.  *See*, *e.g.*, *Zivotofsky ex rel. Zivotofsky v. Kerry*, 135 S. Ct. 2076, 2090 (2015) (holding that "judicial precedent and historical practice teach that it is for the President alone to make the specific decision of what foreign power he will recognize as legitimate, both for the Nation as a whole and for the purpose of making his own position clear within the context of recognition in discussions and negotiations with foreign nations"); *Guar. Tr. Co. of New York v. United States*, 304 U.S. 126, 137-38 (1938) ("What government is to be regarded here as representative of a foreign sovereign state is a political rather than a judicial question, and is to be determined by the political department of the government.  Objections to its determination as well as to the underlying policy are to be addressed to it and not to the courts.  Its action in recognizing a foreign government and in receiving its diplomatic representatives is conclusive on all domestic courts, which are bound to accept that determination, although they are free to draw for themselves its legal consequences in litigations pending before them."); *Republic of Panama v. Air Panama Internacional, S.A.*, 745 F. Supp. 669, 675 (S.D. Fla. 1988) ("Inasmuch as Messrs. Kurzban and Gross were not retained by the Delvalle government, a question arises as to whose interests these attorneys in fact seek to represent.  The Court finds that the attorneys in fact represent the interests of the Noriega/Palma regime.  Thus, the Court will treat the matter of their appearance as an effort to intervene by the Noriega/Palma regime.  Because the Noriega/Palma regime has not been recognized by the United States government, it has no right to appear in this Court.").

As discussed above, the President of the United States has already explicitly rejected the Maduro regime as illegitimate and recognized the exclusive authority of the Venezuelan National Assembly and Interim President Guaido.  Further, the National Assembly ratified the appointment of a "Special Prosecutor" with exclusive authority to represent Venezuela in foreign courts, specifically denouncing Muñoz Pedroza for usurping the position of Attorney General of the

Republic and urging "foreign courts, international arbitration courts and any other foreign State authority not to accept the representation of the Venezuelan State exercised by [him] or any attorneys appointed by him." *See* Exhibit A.

As such, Muñoz Pedroza, and by extension his counsel in this matter, have no authority to represent the government of Venezuela and this Court should reject such a blatant attempt to undermine the foreign policy authority of, and reserved for, the President of the United States and deny the instant motion. Since the legitimately recognized government of Venezuela passed the aforementioned resolution in March 2019, at least two other courts, in unrelated civil actions, have struck Muñoz Pedroza's attempt to intervene in litigation. *See Rusoro Mining Ltd., Gold Field Ltd. v. Bolivarian Republic of Venezuela*, No. 18-7044 (D.C. Cir. May 1, 2019) ("It has long been established that only governments recognized by the United States . . . are entitled to access to our courts . . . ." quoting *Pfizer, Inc. v. Government of India*, 434 U.S. 308, 319-20 (1978)); *Casa Express Corp. v. Bolivarian Republic of Venezuela*, 1:18cv11940 (S.D.N.Y. March 22, 2019).

## **CONCLUSION**

This Court should deny third-party claimant "Bolivarian Republic of Venezuela's" Motion for Victim Status and Restitution, because the United States does not recognize third-party claimant Muñoz Pedroza's or his attorneys' authority to represent the legitimately recognized Bolivarian Republic of Venezuela. In the alternative, and to the extent the Court does not deny the motion for the reasons identified herein, the United States requests an additional 30 days to file a supplemental response addressing the merits of third-party claimant's motion.

                Respectfully submitted,

                ARIANA FAJARDO ORSHAN
                UNITED STATES ATTORNEY

By:    s/ Michael B. Nadler
                Michael B. Nadler
                Assistant U. S. Attorney
                Court I.D. No. 51264
                99 Northeast 4th Street
                Miami, Florida 33132-2111
                Tel. (305) 961-9244
                michael.nadler@usdoj.gov

                ROBERT ZINK
                ACTING CHIEF, FRAUD SECTION

By:    s/ Paul A. Hayden
                Paul A. Hayden
                Trial Attorney
                Department of Justice
                1400 New York Ave. N.W.
                Telephone: (202) 353-9370
                paul.hayden2@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF.

s/ Paul A. Hayden<br>
PAUL A. HAYDEN<br>
TRIAL ATTORNEY