*LAND TRUST TH 041117*
*Dated April 10, 2017*

This Land Trust Agreement (this "Agreement"), dated April 10, 2017, between CESAR GABRIEL HERNANDEZ and TULIA EUGENIA HERNANDEZ (the "Grantor") of Miami, Florida and TULIA EUGENIA HERNANDEZ of MIAMI, Florida (the "Trustee").

In consideration of the mutual covenants and promises set forth in this Agreement, the Grantor and the Trustee agree as follows:

**I. PURPOSE.** The purpose of this Agreement is to establish a Trust to receive and manage the Real Estate property described in Schedule A, for the benefit of the Grantor during the Grantor's lifetime, and to further manage and distribute the assets of the Trust upon the death of the Grantor.

**II. NAME.** The trust created hereby shall be known as the "LAND TRUST TH 041117." The assets and dealings of the Trust, be held and conducted to the extent otherwise permitted herein, also in the name of a nominee.

**III. FUNDING OF TRUST.** Grantor has transferred, assigned, conveyed and delivered to the Trustee the property described in Schedule A, attached and made a part hereof; and said property and any and all other property which may be hereafter assigned, conveyed and delivered to said Trustee by the Grantor or another person as hereinafter provided, is intended to constitute the trust estate and to be held by the Trustee IN TRUST for the uses and purposes and subject to the terms and conditions hereinafter set forth.

Grantor or any other person, with the consent of the Trustee, may at any time or from time to time deed, grant, devise, bequest, gift or otherwise, cause additional property to be transferred to and administered as a part of the trust estate created hereunder. Any such transfer may be evidenced by the receipt of the Trustee, and each such receipt shall be conclusive evidence of the consent of said Trustee to the transfer thereof.

**IV. MANAGEMENT OF TRUST ASSETS.** The Trustee shall manage and distribute the Trust assets for the benefit of the Grantor and the Grantor's successor(s) in interest in accordance with the terms of this Agreement.

**V.** The Administration and Distribution terms are set in certain **IRREVOCABLE LAND TRUST ADMINISTRATION AGREEMENT** (All together hereinafter, "Trust AA"). SIGNED APRIL 13TH, 2017, ENTERED INTO BY THE PARTY OF CESAR GABRIEL HERNANDEZ and TULIA EUGENIA HERNANDEZ (HEREAFTER COLLECTIVELY REFERRED TO AS THE "SETTLORS" AND INDIVIDUALLY AS A SETTLOR), IN THEIR POSITION AS SETTLORS, AND BY THE PARTY OF TULIA EUGENIA HERNANDEZ, TRUSTEE, (HEREAFTER REFERRED TO AS THE "TRUSTEE")

**VIII. PROTECTION OF BENEFICIARIES.** The interest of any beneficiary under this Agreement shall not be subject to assignment, anticipation, claims of creditors, or seizure by legal process. If the Trustee believes that the interest of any beneficiary is threatened to be diverted in any manner from the purposes of this Agreement, the Trustee shall withhold the income and principal from distribution, and shall apply payment in the Trustee's discretion in such manner as the Trustee believes shall contribute to the health, support, maintenance, and education of the beneficiaries. When the Trustee is satisfied that such diversion is no longer effective or threatened, the Trustee may resume the distributions of income and principal authorized. If a separate Trust share had been designated for such beneficiary prior to such withholding by the Trustee, any undistributed income from such share shall be added to the principal of that beneficiary's share.

**IX. TRUSTEE POWERS.** The Trustee, in addition to other powers and authority granted by law or necessary or appropriate for proper administration of the Trust, shall have the following rights, powers, and authority without order of court and without notice to anyone:

*A. Receive Land.* To receive, hold, maintain, administer, collect, invest and re-invest the trust asset, and collect and apply the income, profits, and principal of the Trust in accordance with the terms of this instrument.

*B. Standard of Care.* To exchange, retain, sell, and manage the land object to this Trust, exercising the judgment and care, under the circumstances then prevailing, that persons of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital.

*C. Retain Assets.* To retain any asset, including uninvested cash or original investments, regardless of whether it is of the kind authorized by this instrument for investment and whether it leaves a disproportionately large part of the estate or trust invested in one type of property, without regard to any legal limitations upon investments and the principals of diversification, for as long as the Trustee deems advisable.

*D. Dispose of or Encumber Assets.* To sell, option, mortgage, pledge, lease or convey real property, publicly or privately, upon such terms and conditions as may appear to be proper, and to execute all instruments necessary to effect such authority.

*E. Manage Property.* To manage real estate property, borrow money, exercise options, buy insurance, and register securities as may appear to be proper.

*F. Allocate Between Principal and Income.* To make allocations of charges and credits as between principal and income as in the sole discretion of the Trustee may appear to be proper.

*G. Employ Professional Assistance.* To employ and compensate counsel and other persons deemed necessary for proper administration and to delegate authority when such delegation is advantageous to the trust.

*H. Distribute Property.* To make division or distribution in money or kind, or partly in either including disproportionate in-kind distributions, at values to be determined by the Trustee, and the Trustee's judgment shall be binding upon all interested parties under the terms of the Trust AA.

*K. Enter Contracts.* To bind the Trust by contracts or agreements without assuming individual liability for such contracts.

*L. Exercise Stock Ownership Rights.* To vote, execute proxies to vote, join in or oppose any plans for reorganization, and exercise any other rights incident to the ownership of any stocks, bonds or other properties of the Trust.

*M. Duration of Powers.* To continue to exercise the powers provided in this Agreement after the termination of the Trust until all the assets of the Trust have been distributed.

*N. Hold Trust Assets as a Single Fund.* To hold the assets of the Trust, shares, or portions of the Trust created by this instrument as a single fund for joint investment and management, without the need for

physical segregation, dividing the income proportionately among them. Segregation of the various trust shares need only be made on the books of the Trustee for accounting purposes.

*O. Loans to Beneficiaries.* To make loans to any trust beneficiary for the purpose of providing the beneficiary with the funds necessary to take advantage of exceptional business opportunities or to provide for the needs of the beneficiaries and their families.

*P. Methods of Distribution.* To make payments to or for the benefit of any beneficiary (specifically including any beneficiary under any legal disability) in any of the following ways: (a) directly to the beneficiary, (b) directly for the maintenance, welfare and education of the beneficiary, (c) to the legal or natural guardian of the beneficiary, or, (d) to anyone who at the time shall have custody and care of the person of the beneficiary. The Trustee shall not be obliged to see to the application of the funds so paid, but the receipt of the person to whom the funds were paid shall be full acquittance of the Trustee.

**X. ADDITIONAL TRUSTEE PROVISIONS.** These additional provisions shall apply regarding the Trustee.

*A. Grantor as Trustee.* If at any time the Grantor is the Trustee, the Grantor may appoint a successor Trustee, to become effective immediately or upon any stated contingency, by making such designation in writing. Such designee shall become the successor Trustee upon acceptance of the terms and conditions of this Agreement.

*B. Successor Trustee.* If at any time a Trustee cannot serve because of the Trustee's disability (as previously defined), death, or other reason, CESAR GABRIEL HERNANDEZ JR, of Miami, Florida, is designated as the successor Trustee, to serve without bond. If such designee(s) is/are unable to serve for any reason, STEPHANIE HERNANDEZ, of Miami, Florida, is designated as the alternate successor Trustee, to serve without bond. Such designee(s) shall become the successor Trustee(s) upon acceptance of the terms and conditions of this Agreement.

*C. Resignation of Trustee.* Any Trustee may resign by giving written notice to the beneficiaries to whom income could then be distributed. Such resignation shall take effect on such date specified in the notice, but not earlier than thirty (30) days after the date of delivery of such written resignation unless an earlier effective date shall be agreed to by the income beneficiaries.

*D. Adult Beneficiary Rights.* If the Trustee resigns or for any reason ceases to serve as Trustee, and if the successor Trustee(s) designated by the Grantor, if any, fail or cease to serve as Trustee, then the adult beneficiaries to whom income could then be distributed, together with the adult beneficiaries to whom principal would be distributed if the Trust were then to terminate, may by majority action in writing appoint a successor Trustee. If agreement of a majority of the beneficiaries cannot be obtained within sixty (60) days, a successor Trustee shall be appointed by the court having general jurisdiction of the Trust. Any successor Trustee appointed shall have all the rights conferred upon the original Trustee and shall be bound by the provisions of this Trust.

*E. Accounting.* The Trustee shall provide an accounting to the Beneficiary (or beneficiaries) on at least a(n) annual basis. If a beneficiary has a "disability", the Trustee shall provide the accounting to a guardian or conservator, if any.

*F. Bond.* Any Trustee serving under this Agreement, except the Grantor (if serving as Trustee) or any qualified corporate Trustee, shall provide a bond of sufficient amount to protect the assets and income of the Trust.

**XI. RIGHT TO DIRECT INVESTMENTS.** At any time that the Trust has investments, and provided that the Grantor does not have a "disability", the Grantor may direct any Trustee to purchase, sell, or retain any trust investment.

**XII. REVOCATION OR AMENDMENT.** During the Grantor's lifetime, the Grantor may revoke at any time, and/or the Grantor may amend, this Agreement by delivering to the Trustee an appropriate written revocation or amendment, signed by the Grantor. If the Trustee consents, the powers of revocation, but not the power of amendment, may be exercised by a duly appointed and acting attorney-in-fact for the Grantor for the purpose of withdrawing assets from the Trust.

**XIII. GOVERNING LAW.** This Agreement shall be construed in accordance with the laws of the State of Florida.

**XIV. PERPETUITIES SAVINGS CLAUSE.** Despite any other provision of this Agreement to the contrary, the trust created by this Agreement shall terminate no later than 21 years after the death of the last surviving beneficiary of this Agreement who is living at the time of the death of the Grantor, at the end of which time distribution of all principal and all accrued, accumulated and undistributed income shall be made to the persons then entitled to distributions, in the manner and proportions herein stated free of trust.

**XV. SEVERABILITY.** If any portion of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**XVI. MISCELLANEOUS PROVISIONS.**

*A. Paragraph Titles and Gender.* The titles given to the paragraphs of this Trust are inserted for reference purposes only and are not to be considered as forming a part of this Trust in interpreting its provisions. All words used in this Trust in any gender shall extend to and include all genders, and any singular words shall include the plural expression, and vice versa, specifically including "child" and "children", when the context or facts so require, and any pronouns shall be taken to refer to the person or persons intended regardless of gender or number.

*B. Common Disaster.* If the Grantor and the Grantor's spouse die under circumstances such that there is no clear or convincing evidence as to the order of their deaths, or if it is difficult or impractical to determine which person survived the death of the other person, it shall, for the purpose of distribution of the Grantor's life insurance, property passing under any will or other contracts, if any, and property passing under this Trust, be conclusively presumed that the Grantor predeceased the death of the Grantor's spouse, and notwithstanding any other provision of this Trust, the Grantor's spouse (or the Grantor's spouse's estate as the case may be) shall receive the distribution to which the Grantor's spouse would otherwise be entitled to receive without regard to a survivorship requirement, if any.

*C. Liability of Fiduciary.* No fiduciary who is a natural person shall, in the absence of fraudulent conduct or bad faith, be liable individually to any beneficiary of the Grantor's trust estate, and the Grantor's trust estate shall indemnify such natural person from any and all claims or expenses in connection with or arising out of that fiduciary's good faith actions or nonactions of the fiduciary, except for such actions or nonactions which constitute fraudulent conduct or bad faith. No successor

trustee shall be obliged to inquire into or be in any way accountable for the previous administration of the trust property.

*D. Spouse.* As the Settlors are a married couple, all references in this Trust to "the Settlor's spouse" are references to CESAR GABRIEL HERNANDEZ and TULIA EUGENIA HERNANDEZ, in their individual capacity of spouse of each other.

*E. Children.* The names of the Grantor's children are:

STEPHANIE HERNANDEZ
CESAR GABRIEL HERNANDEZ JR
JUAN DAVID HERNANDEZ
DANIELA SOFIA HERNANDEZ

All references in this Trust to "the Grantor's child" or "the Grantor's children" include the above child or children.

THE SETTLORS:

_____          _____
CESAR GABRIEL HERNANDEZ                  TULIA EUGENIA HERNANDEZ

TRUSTEE:

_____
TULIA EUGENIA HERNANDEZ

**FLORIDA**
**Self-Proving Affidavit**

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

We, CESAR GABRIEL HERNANDEZ and TULIA EUGENIA HERNANDEZ GRANTORS, TULIA EUGENIA HERNANDEZ TRUSTEE, WITNESS 1, WITNESS 2, WITNESS 3, the Grantor, the Trustee and the Witnesses, respectively, whose names are signed to the attached or foregoing instrument, having been sworn, declared to the undersigned officer that the Grantor, in the presence of witnesses, signed the instrument as his or her Living Trust, that the Grantor signed, and that each of the witnesses, in the presence of the Grantor and in the presence of each other, signed the Living Trust as a witness.

**GRANTORS:**

_____       _____
CESAR GABRIEL HERNANDEZ                  TULIA EUGENIA HERNANDEZ

**TRUSTEE:**

_____
TULIA EUGENIA HERNANDEZ

**WITNESSES:**

_____
WITNESS 1
Print Name: Monitza Espinosa

_____
WITNESS 2
Print Name: Marcela Velasquez

_____
WITNESS 3
Print Name: MARYLIN MATIGNZO

Subscribed and sworn to before me by CESAR GABRIEL HERNANDEZ and TULIA EUGENIA HERNANDEZ, the Grantor who is (personally known) to me or who has produced _____ (type of identification) as identification, by TULIA EUGENIA HERNANDEZ, a trustee who is (personally known) to me or who has produced _____ (type of identification) as identification, by WITNESS 1, a witness who is (personally known) to me or who has produced _____ (type of identification) as identification, by WITNESS 2, a witness who is (personally known) to me or who has produced _____ (type of identification) as identification, by WITNESS 3, a witness who is (personally known) to me or who has produced _____ (type of identification) as identification, on __April 10__, __2017__.

GLORIA M CABUS
Commission # GG 030413
Expires September 14, 2020
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Signature of Notary Public

__Gloria M. Cabus__
Name typed, printed, or stamped
My Commission Expires: __9/14/20__