UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

ABRAHAM EDGARDO ORTEGA,

       **Defendant.**
_____/

IN RE:

LAND TRUST TH 041117,

       **Third-Party Petitioner.**
_____/

**UNITED STATES' UNOPPOSED MOTION TO AMEND PRELIMINARY ORDER OF FORFEITURE [ECF NO. 124] TO RELEASE CERTAIN REAL PROPERTY FROM CRIMINAL FORFEITURE ANCILLARY PROCEEDINGS**

The United States of America, through its undersigned counsel, (the "United States") hereby files this unopposed motion to amend the Preliminary Order of Forfeiture [ECF No. 124] to release real property located at 2101 South Surf Road, Unit 2E, Hollywood, Florida ("Subject Property") from further criminal forfeiture proceedings in the above-referenced matter in favor of proceeding with litigation in the recently filed parallel civil forfeiture action. In support, the United States submits the following:

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

1. On June 24, 2019, the Court entered a Preliminary Order of Forfeiture, ordering, subject to third-party claims, the forfeiture of the Subject Property. *See* Preliminary Order of Forfeiture, ECF No. 124.

2. On August 21, 2019, Petitioner Land Trust TH 041117 ("Petitioner") filed a Third-

Party Petition for Hearing to Adjudicate Validity of Interest in Real Property Subject to Forfeiture (the "Petition") for the Subject Property, claiming to have a superior interest to the Subject Property and, in the alternative, to be a bona fide purchaser for value under. *See* Petition, ECF No. 131.

3. On September 5, 2019, the United States filed the United States' Response to Verified Petition of Land Trust TH 041117 ("Response"), indicating that the United States intended to seek discovery "to resolve factual issues, namely to determine whether or not Petitioner has standing and/or a valid interest in the Subject Property under 21 U.S.C. § 853(n)(6)." *See* Response 4, ECF No. 134.

4. On September 11, 2019, Petitioner filed Land Trust TH 041117's Verified Reply to the United States' Response to Verified Petition for Hearing To Adjudicate Validity of Interest in Real Property Subject to Forfeiture ("Reply"). *See* Reply, ECF No. 140.

5. On September 12, 2019, the District Court referred to U.S. Magistrate Judge Torres the determination of whether the Government's requested discovery was appropriate. *See* Order, ECF No. 141.

6. On October 2, 2019, a hearing on the Government's request for discovery was held before Magistrate Judge Torres. *See* Minute Entry, ECF No. 154. On October 3, 2019, the Court issued a paperless order granting the Government's request and requiring the Government to serve all discovery within 30 days from the date of the hearing and complete discovery within 45 days. Paperless Order, ECF No. 155.

7. On October 11, 2019, the United States served Petitioner with requests for

production, two notices of deposition for November 14, 2019,[1] and a subpoena for Cesar Hernandez's testimony.[2]

8.      At the hearing before Judge Torres on October 2, 2019, as well as beforehand in its Response, the United States represented that it was contemplating filing a civil forfeiture action because several assets restrained in the criminal case belonged to fugitive defendants.  *See* Minute Entry, ECF No. 154; *see also* Response 4.  The United States further informed the Court that if it did file a civil forfeiture complaint, it would seek to stay the instant criminal forfeiture ancillary proceeding so that all of the outstanding forfeiture in this case, including that of the Subject Property, could be litigated in the same action.

9.      On October 15, 2019, the United States filed a Verified Complaint for Forfeiture *In Rem* ("Civil Forfeiture Complaint"), initiating the related civil forfeiture action.  *See* Case No. 1:19-cv-24249-WILLIAMS (S.D. Fla.), ECF No. 1.  The Subject Property is one of the defendants *in rem* in the related civil forfeiture action.  *See id.*

10.     On October 21, 2019, counsel for the United States, sent via e-mail, a copy of the Civil Forfeiture Complaint to counsel for Petitioner.  *See* 10/21/2019 e-mail correspondence (on file with undersigned counsel).

11.     On October 23, 2019, counsel for the United States requested Petitioner's position on a proposed motion to stay criminal forfeiture ancillary proceeding in favor of proceeding in related civil forfeiture action.

12.     After a telephone discussion on October 29, 2019, the parties agreed that in an effort

---

[1] One notice of deposition was for the Petitioner, and the other was for Cesar Hernandez, the grantor of the Land Trust.

[2] Since Cesar Hernandez is not a trustee of the Land Trust, the United States served his counsel with a subpoena out of an abundance of caution.

to streamline litigation over the Subject Property, the United States would seek to amend the Preliminary Order of Forfeiture to release the Subject Property from further litigation, eliminating Petitioner's obligation to proceed with the depositions and other discovery obligations in the above-captioned matter.  Petitioner also agreed to dismiss its Petition in this matter.

## II.     MEMORANDUM OF LAW

The United States respectfully requests that the Court amend the Preliminary Order of Forfeiture to release the Subject Property from further criminal forfeiture proceedings because a dispositive ruling in the criminal case will not resolve the civil forfeiture action against the Subject Property as Petitioner faces a different burden in the civil forfeiture case than in the instant criminal forfeiture case.

### A.  Petitioner's Burden in Civil and Criminal Forfeiture

In both criminal and civil forfeiture, the United States bears the initial burden of proving the nexus between the property subject to forfeiture and the criminal activity.  *See* 18 U.S.C. § 983(c)(1) ("In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property- the burden of proof is on the Government to establish by a preponderance of the evidence, that the property is subject to forfeiture"); Fed. R. Crim. P. 32.2(a)(1)(A) ("…If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense."); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999) (holding that because criminal forfeiture is a part of sentencing, the preponderance of the evidence standard applies).

Once the Government has established the forfeitability of the property, the burden shifts to the petitioner, or claimant, to prove its superior interest in the property in both criminal and civil forfeiture cases.  *See* 18 U.S.C. § 983(d) ("…The claimant shall have the burden of proving that

4

the claimant is an innocent owner by a preponderance of the evidence"); 21 U.S.C. § 853(n)(6) (stating that the petitioner must establish "by a preponderance of the evidence" that it has a superior interest in property subject to forfeiture).

However, a claimant's burden of proof differs in a civil forfeiture proceeding from in a criminal forfeiture ancillary proceeding. In a civil forfeiture proceeding, a claimant must prove it is an "innocent owner" pursuant to 18 U.S.C. § 983(d)(1) even if the claimant had title to property at the time of the alleged criminal acts. In a civil forfeiture action, an "innocent owner" is defined as:

> **(2)(A)  With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who—**
>
> > i.  **did not know of the conduct giving rise to forfeiture; or**
> >
> > ii. **upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property…**
>
> (3)(A)  With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property—
>
> > i.  was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and
> >
> > ii. did not know and was reasonably without cause to believe that the property was subject to forfeiture.

18 U.S.C. § 983(d)(2), (3) (bold emphasis added).

In contrast, in the criminal forfeiture context, the petitioner is not required to demonstrate innocence if alleging a superior interest in forfeited property:

> (A)  **the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title,**

5

> **or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section**; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section

21 U.S.C. § 853(n)(6)(A), (B) (bold emphasis added).

As a result, even if Petitioner were able to prove its superior interest in the Subject Property in the criminal forfeiture proceeding, the United States could still forfeit the Subject Property in a civil forfeiture proceeding.

### B. Litigation of the Civil Forfeiture Is the Most Efficient Means of Resolving the Forfeiture in this Case

The United States submits that litigation of the civil forfeiture proceeding is the most efficient means of resolving this forfeiture for two reasons. First, parallel litigation would require both Petitioner and the United States to litigate forfeiture of the Subject Property in two forums, even though, as discussed above, a dispositive ruling in the instant case would not resolve the civil forfeiture.

Second, the forfeiture of various assets restrained in the criminal case remains outstanding. *See* Protective Order for Assets Subject to Forfeiture, ECF No. 32; Amended Protective Order for Assets Subject to Forfeiture, ECF No. 60; Second Protective Order, ECF No. 126. Several of the assets listed in the criminal protective orders belonged to fugitive defendants and as a result, are not forfeitable in the criminal case. *See United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (holding that a criminal forfeiture order is a judgment *in personam* against the defendant; this distinguishes a forfeiture judgment in a criminal case from the *in rem* judgment in a civil forfeiture case). Thus, litigation of the civil forfeiture will result in dispositive forfeiture rulings for all outstanding assets currently restrained in the criminal forfeiture proceedings. *See also United*

*States v. Ulbricht*, 31 F. Supp. 3d 540, 560 (S.D.N.Y. 2014), *aff'd on other grounds* 858 F.3d 71 (2d Cir. 2017) (Government is authorized to pursue parallel civil and criminal forfeiture proceedings).

WHEREFORE, the United States respectfully requests that the Court amend the Preliminary Order of Forfeiture and release the Subject Property from the further criminal forfeiture proceedings. A proposed order is submitted for the Court's review.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with counsel for Petitioner via e-mails and phone call on October 29 and November 1, 2019, and there is no opposition to the relief sought.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *s/ Nicole Grosnoff and Nalina Sombuntham*
Nicole Grosnoff
Court ID No. A5502029
Nalina Sombuntham
Fla. Bar No. 96139
Assistant United States Attorneys
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9294, (305) 961-9224
Facsimile: (305) 530-6166
nicole.s.grosnoff@usdoj.gov
nalina.sombuntham@usdoj.gov