# EXHIBIT B

# DECREE NO. 3"
# (Original Spanish)"

# PRESIDENCIA (E) DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

_____

Decreto Nº 3                              Caracas, cuatro (4) de abril de 2019

## JUAN GERARDO GUAIDÓ MÁRQUEZ
**Presidente de la Asamblea Nacional y encargado de la Presidencia de la República**

En ejecución de las atribuciones derivadas de los artículos 233, 236 numerales 1, 2 y 11 y 333 de la Constitución, en concordancia con lo previsto en los artículos 14, 15, literal "a" y 34 del *Estatuto que rige la transición a la democracia para restablecer la vigencia de la Constitución de la República Bolivariana de Venezuela,* en los artículos 103, 108 y 118 de la *Ley Orgánica de la Administración Pública* y en el artículo 30 de la *Ley Orgánica de Hidrocarburos*,

CONSIDERANDO

Que el 8 de febrero de 2019 se creó la junta administradora *ad-hoc* de Petróleos de Venezuela, S.A. (PDVSA), para representar a esa sociedad como accionista de PDV Holding, Inc. a los fines de lograr la designación de la nueva junta directiva de Citgo Petroleum Corporation;

CONSIDERANDO

Que luego de la creación de esa junta administradora *ad-hoc*, ha quedado en evidencia la necesidad de adoptar nuevas acciones con el fin de proteger los activos del Estado venezolano en el extranjero controlados directa o indirectamente por PDVSA, para dar cumplimiento a lo dispuesto en el *Estatuto que rige la transición a la*

*democracia para restablecer la vigencia de la Constitución de la República Bolivariana de Venezuela;*

CONSIDERANDO

Que la cleptocracia y las políticas predatorias del régimen usurpador de la presidencia de la República constituyen un riesgo para la protección de activos de Venezuela en el extranjero, necesarios para la recuperación económica y la atención de la crisis humanitaria compleja;

CONSIDERANDO

Que a pesar de que el régimen usurpador de la presidencia de la República aún retiene ilegítimamente el control de las instancias naturales que permiten cumplir con los deberes formales que la legislación comercial venezolana requiere, de conformidad con el literal "a" del artículo 15 del *Estatuto que rige la transición a la democracia para restablecer la vigencia de la Constitución de la República Bolivariana de Venezuela,* en concordancia con su artículo 34, la Asamblea Nacional está plenamente facultada para autorizar la designación de juntas administradoras *ad-hoc* que asuman la dirección y administración de empresas del Estado y en general, adoptar las medidas necesarias para el control y protección de sus activos;

CONSIDERANDO

Que para cumplir con los anteriores objetivos, es necesario reorganizar la junta administradora *ad-hoc* creada el pasado 8 de febrero de 2019 y atribuirle nuevas competencias y deberes;

3

Dicto el siguiente

DECRETO SOBRE LAS REGLAS ESPECIALES QUE REGULAN LA JUNTA ADMINISTRADORA AD-HOC DE PETRÓLEOS DE VENEZUELA, S.A. (PDVSA) Y SUS EMPRESAS FILIALES

CAPÍTULO I
DE LAS FUNCIONES DE LA JUNTA ADMINISTRADORA AD-HOC DE PETRÓLEOS DE VENEZUELA, S.A.(PDVSA) Y SUS EMPRESAS FILIALES

**Artículo 1.** La junta administradora *ad-hoc* de Petróleos de Venezuela, S.A. (PDVSA) creada el 8 de febrero de 2019 se regirá por las disposiciones contenidas en el presente Decreto.

**Artículo 2.** La junta administradora *ad-hoc* ejercerá todas las facultades que, de conformidad con la Ley, Estatutos y demás regulaciones, corresponden a la asamblea de accionistas, junta directiva y presidencia de Petróleos de Venezuela, S.A. (PDVSA) y de sus empresas filiales constituidas en Venezuela, para el ejercicio de los siguientes derechos:

   1. Adoptar todas las decisiones necesarias para designar a las juntas directivas y demás administradores de las filiales de PDVSA constituidas en el extranjero, representando para ello a PDVSA y sus empresas filiales en las correspondientes asambleas de accionistas, de acuerdo con lo establecido en el artículo 3.

   2. Ordenar pagos para extinguir obligaciones de PDVSA relacionadas con bonos o deuda emita por ésta de acuerdo con lo establecido en el artículo 4.

   3. Ejercer la representación legal de PDVSA y sus empresas filiales a los fines indicados en el artículo 5.

4

Se entiende por empresa filial:

> 1. Toda sociedad mercantil controlada por PDVSA.
>
> 2. Toda sociedad en la cual cualquier sociedad controlada por PDVSA sea a su vez accionista de control.
>
> 3. Cualquier otra sociedad en la cual sea accionista de control cualquier sociedad controlada por las sociedades mencionadas en estos numerales, con independencia del grado de control.

Por control se entiende toda participación igual o superior al cincuenta por ciento (50%) del capital social, o bien la tenencia de acciones que, aunque representen una participación inferior al cincuenta por ciento (50%) en el capital social, de acuerdo con los estatutos de dicha sociedad, otorguen a su tenedor derechos especiales de control en la administración. Las empresas mixtas conformadas en el marco de la Ley Orgánica de Hidrocarburos quedan exceptuadas de esta definición.

**Artículo 3.** A los fines del ejercicio del derecho definido en el artículo 2.1, la junta administradora *ad-hoc* de PDVSA realizará las siguientes acciones:

> 1. Ejercer la representación de PDVSA y sus empresas filiales constituidas en Venezuela en la asamblea de accionistas de sus empresas filiales constituidas en el extranjero, especialmente a los fines de adoptar todas las decisiones que permitan designar a las juntas directivas y demás administradores de estas empresas filiales constituidas en el extranjero. A tal fin, la junta administradora *ad-hoc* tendrá todas las atribuciones que corresponden a la asamblea de accionistas, juntas directivas y presidencias de PDVSA y sus empresas filiales constituidas en Venezuela.
>
> 2. A los fines previstos en el numeral anterior, se cumplirán con los controles derivados del artículo 15 literal "a" del *Estatuto que rige la transición a la democracia para restablecer la*

*vigencia de la Constitución de la República Bolivariana de Venezuela.*

3. De manera especial, y sin perjuicio de las demás facultades aquí señaladas, la junta administradora *ad-hoc* ejercerá la representación de PDVSA y de sus empresas filiales constituidas en Venezuela que sean accionistas de las siguientes empresas filiales constituidas en el extranjero, a los fines de designar a sus administradores y miembros de su junta directiva:

> a) PDVSA Argentina, S.A., sociedad mercantil constituida en República Argentina. Para este fin, la junta administradora *ad-hoc* ejercerá los derechos que corresponden a la asamblea de accionistas, juntas directivas y presidencia de PDVSA y sus empresas filiales constituidas en Venezuela que sean accionistas de PDVSA Argentina, S.A., incluyendo a las siguientes sociedades mercantiles: PDVSA América, S.A., PDV Sur, S.A., PDV Andina, S.A., Deltaven, S.A., y cualquier otra sociedad constituida en Venezuela que sea filial de PDVSA.
>
> b) Propernyn, B.V. y PDV Europa, B.V., sociedades mercantiles constituidas en Holanda y cuyas acciones son en un cien por ciento (100%) propiedad de PDVSA. La designación de los administradores y miembros de la junta directiva de esas sociedades permitirá designar a los administradores y miembros de la junta directiva de la sociedad mercantil AB Nynas Petroleum, constituida en el Reino de Suecia.
>
> c) PDVSA Isla Curaçao B.V., sociedad mercantil constituida en Curazao.

4. Dejando a salvo lo antes señalado, la junta administradora ad-hoc ejercerá todas las facultades que corresponde a la asamblea de accionistas, juntas directivas

y presidencia de las sociedades mercantiles PDVSA América S.A. y PDVSA Caribe S.A., a los fines de la designación de las juntas directivas y demás administradores de las empresas filiales de estas sociedades constituidas en el extranjero.

**Artículo 4.** La junta administradora *ad-hoc* tendrá todas las funciones que corresponden a la asamblea de accionistas, junta directiva y presidencia de PDVSA, y especialmente, de PDVSA Petróleo, S.A., a los fines de ordenar transferencias bancarias en cuentas a nombre de esas sociedades mercantiles, y/o solicitar a terceros que realicen pagos en su nombre, únicamente para el pago de intereses o capital de bonos emitidos por PDVSA. El presidente de la junta administradora ad-hoc firmará todos los documentos necesarios para el ejercicio de esta facultad.

A tales fines, la junta administradora *ad-hoc* solamente podrá efectuar tales pagos previo control de la Asamblea Nacional de conformidad con el artículo 36 del *Estatuto que rige la transición a la democracia para restablecer la vigencia de la Constitución de la República Bolivariana de Venezuela.*

**Artículo 5.** La junta administradora *ad-hoc*, en coordinación con el procurador especial designado por el Presidente encargado de la República, ejercerá la representación legal de PDVSA y sus empresas filiales en el extranjero, en los términos siguientes:

    1.    La representación legal únicamente podrá ejercerse para la mejor defensa de los derechos e intereses de esas sociedades mercantiles, sin que tal facultad les permita celebrar actos y contratos de disposición sobre activos de filiales de PDVSA constituidas en el exterior. Tal atribución no podrá ejercerse para la representación en reclamaciones o disputas judiciales o extrajudiciales.

    2.    De manera especial, la junta administradora *ad-hoc* asumirá todas las facultades y poderes de las asambleas de accionistas, juntas directivas y presidencia de PDV Caribe, S.A. y PDVSA América, S.A., a los fines de representar a esas sociedades en los convenios

> internacionales de cooperación energética y otros acuerdos internacionales similares celebrados con anterioridad, a los fines indicados en el presente artículo. Especialmente, en ejercicio de tales facultades, la junta administradora *ad-hoc* quedará facultada para ejercer la representación legal de PDVSA Caribe, S.A., en los siguientes casos:
>
> > a) La adquisición coactiva o cualquier decisión similar adoptada por el Gobierno de Jamaica en relación con la participación de PDV Caribe, S.A. en la empresa mixta Petrojam Ltd. (Petrojam).
> >
> > b) Todas las decisiones relacionadas con la participación de PDV Caribe, S.A. en la sociedad Refinería Dominicana de Petróleo PDV, S.A. (Refidomsa PDV, S.A.), constituida en República Dominicana.
>
> 3. Esta representación legal será ejercida por el Presidente de la junta administradora *ad-hoc*, de conformidad con el presente Decreto.

**Artículo 6.** Mientras se mantenga la usurpación de la presidencia de la República, y de conformidad con el *Estatuto que rige la transición a la democracia para restablecer la vigencia de la Constitución de la República Bolivariana de Venezuela,* se suspenden todos los derechos y poderes que corresponden a la asamblea de accionista, junta directiva y presidencia de PDVSA y sus empresas filiales constituidas en Venezuela existentes o designadas después del 10 de enero de 2019, así como los derechos y poderes que corresponden al Ministerio del sector de hidrocarburos, y en general, a cualquier otro Ministerio, órgano o ente que pueda actuar como órgano de adscripción y representante de la República en la asamblea de accionistas de PDVSA y sus filiales constituidas en Venezuela.

**Artículo 7.** La junta administradora *ad-hoc* ejercerá las atribuciones aquí conferidas de manera autónoma e independiente, siguiendo únicamente criterios técnicos, orientados a la gestión eficiente de las filiales directas e indirectas de PDVSA constituidas en el extranjero.

En consecuencia, la junta administradora *ad-hoc* se abstendrá de seguir lineamientos políticos o partidistas y no adoptará decisión alguna que incida en la gerencia y operación de las filiales directas e indirectas de PDVSA constituidas en el extranjero. En especial, la junta administradora *ad-hoc* no adoptará ninguna decisión que permita el uso de recursos o activos de estas filiales en beneficio de la República. Las empresas filiales de PDVSA constituidas en el extranjero adoptarán las disposiciones de gobierno corporativo que aseguren su autonomía e independencia.

## CAPÍTULO II
### DE LAS COMPOSICIÓN Y DECISIONES DE LA JUNTA ADMINISTRADORA AD-HOC

**Artículo 8.** La junta administradora *ad-hoc* de PDVSA y sus empresas filiales constituidas en el Venezuela está conformada por nueve (9) miembros designados por el Presidente encargado de la República bajo el control de la Asamblea Nacional, de conformidad con el *Estatuto que rige la transición a la democracia para restablecer la vigencia de la Constitución de la República Bolivariana de Venezuela*. Podrán ser removidos por decisión del Presidente encargado.

**Artículo 9.** La junta administradora contará con un Presidente designado entre sus miembros, a los fines de representar a la junta administradora frente a terceros, incluso, para la suscripción de los actos y documentos necesarios para el ejercicio de los derechos que corresponden a PDVSA y sus empresas filiales, y en especial, para la firma en cuentas bancarias y demás documentos a los fines previstos en el artículo 4.

**Artículo 10.** La junta administradora quedará válidamente constituida para deliberar cuando cuente con la presencia de al menos cinco (5) de sus miembros, y sus decisiones de adoptarán por mayoría de votos de los presentes. Las reuniones podrán efectuarse por medios informáticos.

**Artículo 11.** La representación judicial y extra-judicial de PDVSA y sus filiales directas e indirectas, incluidas aquellas

constituidas en el extranjero, corresponderá exclusivamente al Procurador Especial designado en los términos del artículo 15 del *Estatuto que rige la transición a la democracia para restablecer la vigencia de la Constitución de la República Bolivariana de Venezuela* y la *Ley Orgánica de la Procuraduría General de la República.*

## CAPÍTULO III
## DEL RÉGIMEN ESPECIAL DE CITGO PETROLEUM CORPORATION

**Artículo 12.** De conformidad con el artículo 34, numeral 3, del *Estatuto que rige la transición a la democracia para restablecer la vigencia de la Constitución de la República Bolivariana de Venezuela*, y de conformidad con el artículo 3 del presente Decreto, PDV Holding, Inc., Citgo Holding Inc., y Citgo Petroleum Corporation, no actuarán bajo el control de ningún órgano o ente del Poder Ejecutivo Nacional usurpado hoy día por el régimen de Nicolás Maduro, incluyendo a PDVSA y a sus empresas filiales. En consecuencia:

1. Se suspenden temporalmente los derechos que corresponden a PDVSA como único accionista de PDV Holding, Inc. Como resultado de lo anterior, las sociedades mencionadas en este artículo no atenderán ninguna orden, instrucción, comunicación o directriz dictada por PDVSA a través de su asamblea de accionistas, junta directiva o presidente.

2. Se suspenden temporalmente las potestades que el Ministerio competente del sector de hidrocarburos pueda ejercer sobre las sociedades mencionadas en este artículo, en su condición de órgano de adscripción de PDVSA.

3. Mientras dure la usurpación de la presidencia de la República, PDV Holding Inc. no podrá realizar pago de dividendos o de ninguna otra naturaleza a PDVSA, ni podrá otorgar garantía alguna sobre activos de su propiedad, a favor de PDVSA o cualquier tercero que PDVSA designe.

    4.    Mientras dure la usurpación de la presidencia de la República, la representación de PDVSA como accionista de PDV Holding Inc. será ejercida por la junta administradora *ad-hoc* de PDVSA.

**Artículo 13.**    Se ratifica que, de conformidad con el artículo 34, numeral 3, del *Estatuto que rige la transición a la democracia para restablecer la vigencia de la Constitución de la República Bolivariana de Venezuela*, la Asamblea Nacional, el Presidente de la Asamblea Nacional actuando como encargado de la Presidencia de la República, y cualquier órgano por éste designado, incluyendo a la junta administradora *ad-hoc*, no podrán adoptar ninguna decisión que incida en el giro comercial cotidiano de PDV Holding Inc. y sus filiales, incluyendo Citgo Petroleum Corporation.

A estos fines, el "giro comercial" abarca las decisiones ordinarias de la gerencia y operaciones de esas sociedades y en especial, de Citgo Petroleum Corporation. Por lo tanto:

    1.    No podrá adoptarse ninguna decisión que directa o indirectamente, designe o influya en la designación de los órganos ejecutivos de estas sociedades. En especial, la junta directiva de Citgo Petroleum Corporation tendrá autonomía para la designación y remoción de los órganos de administración, oficiales, ejecutivos y demás trabajadores de esa compañía de conformidad con sus normas corporativas.

    2.    No podrá adoptarse ninguna decisión que directa o indirectamente incida en los contratos celebrados y ejecutados por esas sociedades y en especial por Citgo Petroleum Corporation.

    3.    No podrá adoptarse ninguna decisión que directa o indirectamente permita el uso o beneficio de activos de esas sociedades y en especial de Citgo Petroleum Corporation, por parte de las autoridades legítimas del Gobierno venezolano.

    4.    No podrá adoptar, ni aprobar, ninguna decisión que afecte el patrimonio, o de alguna manera modifique en

términos más onerosos, la estructura patrimonial de PDV Holding Inc., sin perjuicio de su posible restructuración para la mejor defensa de los intereses del Estado como accionista final de control.

## CAPÍTULO IV
## DISPOSICIONES FINALES

**Artículo 14.** Se ratifica la validez de todas las decisiones adoptadas por la junta administradora *ad-hoc* designada el 8 de febrero de 2019. Los nuevos integrantes de esa junta serán designados por el Presidente encargado bajo el control de la Asamblea Nacional, de acuerdo con el *Estatuto que rige la transición a la democracia para restablecer la vigencia de la Constitución de la República Bolivariana de Venezuela*.

**Artículo 15.** Las ilegítimas disposiciones derivadas del Decreto N° 3.368 publicado en la Gaceta Oficial N° 41.776 de 12 de abril de 2018 y en la Resolución N° 115, publicada en la Gaceta Oficial N° 41.474 de 4 de septiembre de 2018, no se aplicarán a las materias aquí referidas, al ser resultado del inconstitucional y fraudulento estado de excepción impuesto en Venezuela desde enero de 2016. Las disposiciones del presente Decreto se aplicarán de manera preferente y exclusiva a las disposiciones contenidas en los Estatutos Sociales de PDVSA y sus filiales, y de cualquier otro Decreto, documento constitutivo o estatutos relacionados con las materias aquí tratadas.

**Artículo 16.** Las disposiciones aquí establecidas regirán mientras persista la usurpación de la presidencia de la República.

**Artículo 17.** Se designan como integrantes de la junta administradora ad-hoc a las siguientes personas: Simón Antúnez. Gustavo J. Velásquez, Carlos José Balza, Ricardo Alfredo Prada, Luis Pacheco, Claudio Martínez, León Miura, María Lizardo y

Alejandro Grisanti, venezolanos, titulares de las cédulas de identidad número 1.550.440, 4.506.173, 9.966.565, 4.588.284, 4.518.157, 3.511.923, 4.712.768, 4.360.127 y 6.976.369, respectivamente. Como Presidente actuará Luis Pacheco.

Dado en el Palacio Federal Legislativo, en Caracas, a los cuatro (4) días del mes de abril de 2019. Años 208° de la Independencia y 159° de la Federación.

JUAN GERARDO GUAIDÓ MÁRQUEZ
Presidente

# FGETGG'PQ05''''
# (English Translation of Relevant Excerpts)

## CERTIFICATION OF TRANSLATION

I, AURA M. COLMANNI, hereby certify under penalty of perjury that I hold a Master's Degree in Translation from Sorbonne University (E.S.I.T.), Paris, France; that I am competent to translate from Spanish into English; and that the translation of the attached document is true and accurate to the best of my abilities.

_____

**AURA M. COLMANNI** - Translator

601 Massachusetts Ave, NW
Washington, D.C., 20001

April 9, 2020

[*Translation*]

# INTERIM PRESIDENCY OF THE BOLIVARIAN REPUBLIC OF VENEZUELA

___

Decree N° 3                                          Caracas, April 4, 2019

## JUAN GERARDO GUAIDÓ MÁRQUEZ
**President of the National Assembly and Interim President of the Republic**

In execution of powers resulting from Article 233, Article 236, Numerals 1, 2 and 11, and Article 333 of the Constitution; in accordance with the provisions of Article 14, Article 15, Letter "a" and Article 34 of the *Statute Governing the Transition to Democracy to Restore the Validity of the Constitution of the Bolivarian Republic of Venezuela*; Articles 103, 108 and 118 of the *Public Administration Organic Law*; and Article 30 of *the Hydrocarbons Organic Law*,

### WHEREAS

On February 8, 2019, an *ad-hoc* Managing Board was created for Petróleos de Venezuela, S.A. (PDVSA) to represent PDVSA, as shareholder of PDV Holding, Inc., in the appointment of Citgo Petroleum Corporation's new Board of Directors;

### WHEREAS

Subsequent to the creation of the *ad-hoc* Managing Board, it became obvious that new measures had to be implemented to protect Venezuelan State assets abroad, directly or indirectly controlled by PDVSA, in order to comply with the provisions of the *Statute Governing the Transition to Democracy to Restore the Validity of the Constitution of the Bolivarian Republic of Venezuela*;

### WHEREAS

The protection of Venezuelan assets abroad is at risk due to the kleptocracy and predatory policies employed by the regime usurping the Presidency of the Republic. Said assets abroad are required to promote economic recovery and handle a complex humanitarian crisis;

[*Translation*]

WHEREAS

The regime usurping the Presidency of the Republic continues to illegitimately retain control over national bodies that enable compliance with Venezuelan legal formalities. However, under the *Statute that governs the transition to democracy to restore the validity of the Constitution of the Bolivarian Republic of Venezuela*, Article 15, Letter "a", and pursuant to Article 34 of said *Statute*, the National Assembly is fully empowered to authorize the appointment of an *ad-hoc* Managing Board, to assume the direction and management of State companies and, in general, to implement any measure required to control and protect State company assets;

WHEREAS

To comply with the above, we must reorganize the *ad-hoc* Managing Board created on February 8, 2019, , and grant it new powers and duties.

I issue the following:

## DECREE ON SPECIAL RULES TO REGULATE THE *AD-HOC* MANAGING BOARD OF PETRÓLEOS DE VENEZUELA, S.A. (PDVSA,) AND ITS SUBSIDIARIES

### CHAPTER I
### POWERS OF THE *AD-HOC* MANAGING BOARD OF PETRÓLEOS DE VENEZUELA, S.A. (PDVSA) AND ITS SUBSIDIARIES

\*   \*   \*

**Article 5.** The *ad-hoc* Managing Board, in coordination with the Special Attorney appointed by the Interim President of the Republic, shall legally represent PDVSA and its subsidiaries abroad, under the following terms:

>   1. Legal representation shall only be exercised to better defend the rights and interests of said commercial companies  It shall not be exercised to enter into contracts regarding the assets of PDVSA subsidiaries incorporated abroad, or to dispose of said assets.  Such power shall not be exercised for representation in judicial or extrajudicial claims or disputes.

[*Translation*]

2.      In particular, the *ad-hoc* Managing Board shall assume all powers granted to Shareholders' Meetings, Boards of Directors and Chairmen of PDV Caribe, S.A. and PDVSA América, S.A., to represent said companies in international energy cooperation agreements and other similar international agreements previously entered into, pursuant to this Article. Particularly, under such powers, the *ad-hoc* Managing Board shall be able to legally represent PDVSA Caribe, S.A., in the following cases:

> a) A coercive acquisition, or any similar decision, by the Government of Jamaica with regard to PDV Caribe, S.A. stockholding in the Petrojam Ltd. (Petrojam) joint venture.

> b) Any decision related to PDV Caribe, S.A.'s stockholding in Refinería Dominicana de Petróleo PDV, S.A. (Refidomsa PDV, S.A.), a joint venture incorporated in the Dominican Republic.

3.      Legal representation shall be exercised by the Chairman of the *ad-hoc* Managing Board, in accordance with this Decree.

\*      \*      \*

**JUAN GERARDO GUAIDÓ MÁRQUEZ**
President
