UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS

UNITED STATES OF AMERICA

v.

ABRAHAM EDGARDO ORTEGA,

                **Defendant.**
_____/

**UNITED STATES' UNOPPOSED MOTION FOR
SECOND PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 982(a)(1), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America (the "United States") hereby moves for the entry of a Second Preliminary Order of Forfeiture against Defendant Abraham Edgardo Ortega (the "Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $12 million. In support of this motion, the United States provides the factual and legal bases.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1.    On August 16, 2018, a federal grand jury in the Southern District of Florida returned an Indictment charging the Defendant and others with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), substantive counts of money laundering in violation of 18 U.S.C. § 1956, and substantive counts of interstate and foreign travel in aid of racketeering in violation of 18 U.S.C. § 1952. Indictment, ECF No. 19. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956, as alleged in the Indictment, the Defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant

to 18 U.S.C. § 982(a)(1). *Id.* at 5.

2. On October 24, 2018, a one-count Superseding Information was filed, charging the Defendant with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Superseding Information, ECF No. 53.

3. On October 31, 2018, pursuant to a written Plea Agreement, the Defendant pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) as charged in the Superseding Information. *See* Minute Entry, ECF No. 61; Ortega's Plea Agreement ¶ 2, ECF No. 64; Ortega's Factual Proffer, ECF No. 65. In his Plea Agreement, the Defendant agreed to the following provisions, among others:

> 14. The defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h) charged in the Superseding Information and/or property that constitutes substitute assets, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(p). The defendant agrees that such property includes, but is not limited to:
> (i) A sum of at least $12 million in U.S. currency, which may be sought as a forfeiture money judgment…
>
> The defendant agrees to consent to the entry of orders of forfeiture for such property and property specifically identified in the Indictment and the Superseding Information. The defendant admits and agrees that the conduct described in the Criminal Complaint, Indictment, Superseding Information, and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the United States.

Ortega's Plea Agreement ¶ 14.

4. On June 20, 2019, the United States moved for a Preliminary Order of Forfeiture (the "Motion") to be entered against the Defendant. United States' Unopposed Motion for Preliminary Order of Forfeiture, ECF No. 120. Attached to the Motion was the Declaration of HSI Special Agent Vega. Declaration of Special Agent Alan G. Vega in Support of Preliminary Order of Forfeiture ECF NO. 120-1. In the Motion, the United States sought the entry of a $12 million forfeiture money judgment and the forfeiture of certain assets in partial satisfaction thereof.

Motion, ECF No. 120.  However, the proposed order attached to the Motion inadvertently omitted the reference to the forfeiture money judgment, and thus the Preliminary Order of Forfeiture did not reference the forfeiture money judgment.  ECF No. 120-2; Preliminary Order of Forfeiture, ECF No. 134.

5.    As set forth in the Defendant's Factual Proffer and the Declaration of HSI Special Agent Vega, the Defendant and others conspired to launder and engage in monetary transactions with the proceeds of corrupt currency exchanges involving Petróleos de Venezuela, S.A. ("PDVSA").  *See* Ortega's Factual Proffer 2, ECF No. 65; SA Vega Decl.  From August 2004 through March 2016, the Defendant worked in various positions within PDVSA, and was a "foreign official" as that term is defined in the Foreign Corrupt Practices Act ("FCPA").  *See* Ortega's Factual Proffer 2.

6.    The Defendant and others conspired to launder approximately $12 million that were given to the Defendant as bribe payments in exchange for his corrupt acts and decisions in his official capacity as Executive Director of Financial Planning at PDVSA.  *See* Ortega's Factual Proffer at 7.  The Defendant met and conspired with co-defendant Gustavo Adolfo Hernandez Frieri ("Hernandez") to launder these illicit proceeds, which were being held by a confidential source ("CS").  *See id.* at 7-9; *accord attached* SA Vega Decl.  At the direction of Hernandez, the Defendant's $12 million in bribery proceeds was laundered to accounts at City National Bank in New Jersey held in the name of Global Securities Trade Finance ("GSTF"), as well as to Great Walls FS, a British Virgin Islands company controlled by the Defendant.  *See* Ortega's Factual Proffer 7-9; SA Vega Decl. ¶¶ 8-29; Ortega's Plea Agreement ¶ 14.  These bribery proceeds were used to acquire securities and real property.  *See* Ortega's Factual Proffer 7-9; SA Vega Decl. ¶¶ 8-29.

## II. LEGAL STANDARD

All property, real or personal "involved in" a violation of 18 U.S.C. § 1956, or any property traceable to such property, is subject to forfeiture to the United States. 18 U.S.C. § 982(a)(1). Property "involved in" a money laundering offense "includes that money or property which was actually laundered ('the corpus'), along with 'any commissions or fees paid to the launderer[ ] and any property used to facilitate the laundering offense.'" *United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009) (quoting and citing *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003)). Funds that are pooled or commingled "to facilitate or disguise [a defendant's] illegal scheme" are forfeitable. *See id.* (internal quotations omitted).

If a defendant is convicted of such a violation, the Court "shall order" the forfeiture of the property as part of the sentence. *See* 18 U.S.C. § 982(a)(1). As part of the defendant's sentence, criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). *See also Libretti v. United States*, 516 U.S. 29, 38-39 (1995) (holding that forfeiture is an "element of the sentence"). A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A). *See also United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). Upon finding that property is subject to forfeiture, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

Fed. R. Crim. P. 32.2(b)(2)(A).

The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information

4

submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The amount of the money judgment should represent the full sum of the illegal proceeds, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule). *See also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order. . . . To conclude otherwise would enable wrongdoers to avoid forfeiture merely by spending their illegitimate gains prior to sentencing."); *United States v. Vampire Nation*, 451 F.3d 189, 201-03 (3rd Cir. 2006) (money judgments "are appropriate even where the amount of the judgment exceeds the defendant's available assets at the time of conviction"); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (" ... [E]ven if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order.").

### III. DISCUSSION

Based on the Defendant's guilty plea, Plea Agreement, Factual Proffer, and the Declaration of HSI Special Agent Vega, the total amount involved in the Defendant's money laundering conspiracy charged in the Superseding Information was at least $12 million. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this sum may be sought as a forfeiture money judgment.

Accordingly, the United States respectfully requests the Court to issue the attached proposed order, which provides for a Preliminary Order of Forfeiture imposing a forfeiture money judgment.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(1) and the procedures set forth in 21 U.S.C.

§ 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## LOCAL RULE 88.9 CERTIFICATION

The undersigned counsel hereby certifies that on or about September 17, 2020, counsel for the United States contacted counsel for the Defendant, via e-mail, regarding the proposed forfeiture, and on September 18, 2020, counsel for the Defendant indicated that there was no opposition to the proposed forfeiture.

        */s Nicole Grosnoff*
        Nicole Grosnoff
        Assistant United States Attorney


Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:    */s/ Nicole Grosnoff*
      Nicole Grosnoff
      Assistant United States Attorney
      Court ID No. A5502029
      nicole.s.grosnoff@usdoj.gov
      U.S. Attorney's Office
      99 Northeast Fourth Street, 7th Floor
      Miami, Florida 33132-2111
      Telephone: (305) 961-9294
      Facsimile: (305) 536-4089