UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS

UNITED STATES OF AMERICA

v.

ABRAHAM EDGARDO ORTEGA,

                    **Defendant.**
_____/

## SECOND PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon unopposed motion of the United States of America (the "United States") for entry of a Second Preliminary Order of Forfeiture requesting entry of a forfeiture money judgment in the amount of $12 million pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure. Being fully advised in the premises and based on the United States' Unopposed Motion for Second Preliminary Order of Forfeiture, the record in this matter, and for good cause shown thereby, the Court finds as follows:

1. On August 16, 2018, a federal grand jury in the Southern District of Florida returned an Indictment charging the Defendant and others with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), substantive counts of money laundering in violation of 18 U.S.C. § 1956, and substantive counts of interstate and foreign travel in aid of racketeering in violation of 18 U.S.C. § 1952. Indictment, ECF No. 19. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956, as alleged in the Indictment, the Defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* at 5.

2. On October 24, 2018, a one-count Superseding Information was filed, charging the Defendant with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Superseding Information, ECF No. 53.

3. On October 31, 2018, pursuant to a written Plea Agreement, the Defendant pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) as charged in the Superseding Information. *See* Minute Entry, ECF No. 61; Ortega's Plea Agreement ¶ 2, ECF No. 64; Ortega's Factual Proffer, ECF No. 65. In his Plea Agreement, the Defendant agreed to the following provisions, among others:

> 14. The defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h) charged in the Superseding Information and/or property that constitutes substitute assets, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(p). The defendant agrees that such property includes, but is not limited to:
>    (i) A sum of at least $12 million in U.S. currency, which may be sought as a forfeiture money judgment…
>
> The defendant agrees to consent to the entry of orders of forfeiture for such property and property specifically identified in the Indictment and the Superseding Information. The defendant admits and agrees that the conduct described in the Criminal Complaint, Indictment, Superseding Information, and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the United States.

Ortega's Plea Agreement ¶ 14.

4. On June 20, 2019, the United States moved for a Preliminary Order of Forfeiture (the "Motion") to be entered against the Defendant. United States' Unopposed Motion for Preliminary Order of Forfeiture, ECF No. 120. Attached to the Motion was the Declaration of HSI Special Agent Vega. Declaration of Special Agent Alan G. Vega in Support of Preliminary Order of Forfeiture ECF NO. 120-1. In the Motion, the United States sought the entry of a $12 million forfeiture money judgment and the forfeiture of certain assets in partial satisfaction thereof. Motion, ECF No. 120. However, the proposed order attached to the Motion inadvertently omitted

the reference to the forfeiture money judgment, and thus the Preliminary Order of Forfeiture did not reference the forfeiture money judgment. ECF No. 120-2; Preliminary Order of Forfeiture, ECF No. 134.

5. As set forth in the Defendant's Factual Proffer and the Declaration of HSI Special Agent Vega, the Defendant and others conspired to launder and engage in monetary transactions with the proceeds of corrupt currency exchanges involving Petróleos de Venezuela, S.A. ("PDVSA"). *See* Ortega's Factual Proffer 2, ECF No. 65; *attached* SA Vega Decl. From August 2004 through March 2016, the Defendant worked in various positions within PDVSA, and was a "foreign official" as that term is defined in the Foreign Corrupt Practices Act ("FCPA"). *See* Ortega's Factual Proffer 2.

6. The Defendant and others conspired to launder approximately $12 million that were given to the Defendant as bribe payments in exchange for his corrupt acts and decisions in his official capacity as Executive Director of Financial Planning at PDVSA. *See* Ortega's Factual Proffer at 7. The Defendant met and conspired with co-defendant Gustavo Adolfo Hernandez Frieri ("Hernandez") to launder these illicit proceeds, which were being held by a confidential source ("CS"). *See id.* at 7-9; *accord* SA Vega Decl. At the direction of Hernandez, the Defendant's $12 million in bribery proceeds was laundered to accounts at City National Bank in New Jersey held in the name of Global Securities Trade Finance ("GSTF"), as well as to Great Walls FS, a British Virgin Islands company controlled by the Defendant. *See* Ortega's Factual Proffer 7-9; SA Vega Decl. ¶¶ 8-29; Ortega's Plea Agreement ¶ 14. These bribery proceeds were used to acquire securities and real property. *See* Ortega's Factual Proffer 7-9; SA Vega Decl. ¶¶ 8-29.

**THEREFORE**, the United States' Unopposed Motion for Second Preliminary Order of Forfeiture is **GRANTED**, and it is hereby **ORDERED** that:

1. A forfeiture money judgment in the amount of $12,000,000.00 is hereby entered against the Defendant, pursuant to Title 18, United States Code, Section 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure;

2. The United States is authorized, pursuant to Rule 32.2(b)(3), (c)(1) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to conduct any discovery necessary, including depositions, to identify, locate or dispose of the forfeited property or in order to expedite ancillary proceedings related to any third-party petition;

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant Abraham Edgardo Ortega; and

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

**DONE AND ORDERED** in Miami, Florida, this _____ day of September 2020.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc:   Nicole Grosnoff, Assistant U.S. Attorney (2 certified copies)